551 N.W.2d 163 (1996)
Wendell C. FLYNN and Margaret Ann Flynn, Plaintiffs-Appellants,
v.
Curtis G. KORNEFFEL and Maureen A. Korneffel, Defendants-Appellees.
No. 99238, COA No. 125687.
Supreme Court of Michigan.
August 1, 1996.
In this cause, a motion for rehearing is considered, and it is hereby DENIED.
LEVIN, Justice.
I would grant rehearing.
I agree with Flynn that this "Court has misstated the issue on appeal" in focusing on whether Flynn had established fraud.
It is a truism that the money that needed to be paid to redeem was not literally "paid" within the redemption period. It does not follow that Flynn had the burden of proving fraud, and that, absent proof of fraud, he had failed timely to redeem.

I
The issue in the case was not fraud, which would have excused tender, but whether Flynn had tendered the amount needed to be paid to redeem within the ninety-day redemption period, and whether such tender should be deemed to be payment within the meaning of the statute.
The majority opinion avoided any meaningful discussion or analysis of this, the true and only issue, by, in effect, raising the straw man whether Flynn had established fraud, and concluding that he had not, and indicating that Flynn had acted in a manner that did not appeal to the "conscience" of a bare majority in this Court.
In the course of that discussion, the majority noted that the statute does not provide that the land contract vendor must convey title upon the vendee's paying the amount needed to be paid to redeem. That also is true; there is, indeed, nothing in the statute requiring the vendor to convey upon payment. The statute is silent in that regard.
The majority could not mean, however, that upon payment of the land contract in full, the vendor is not obliged to convey, or that a correct construction of the statute, silent on whether the vendor is obliged to convey upon full payment, is that the vendee must, in order to redeem, pay the full amount in default, and, if he does so, he has avoided a forfeiture and a writ of restitution cannot issue, but, nevertheless, the vendor has no obligation to convey title.

II
The majority did not, anywhere in its opinion, advert to the question when the vendor is obliged to convey title. The majority did not discuss at all the vendor's express obligation *164 under the land contract to convey title "upon" payment in full of the land contract balance.
I cited, in my opinion, a text and cases stating that "a `tender is not conditional ... if the condition is one which the person making the tender has a legal right to insist upon.'"[1] The majority ignored that text and case law, and cited no case law or other authority to the contrary.

III
Under the majority's approach, once a vendee goes into default, he must pay the amount in default in order to avoid the forfeiture, but is not entitled to insist upon simultaneous conveyance by the vendor of the title that the vendor promised in the land contract to convey "upon" full payment.
By so construing the statute, the majority has created the paradigm Catch-22: the statute requires the vendee to pay without receiving a conveyance simultaneously in return, but a purchaser from, or lender to, the vendee will not ordinarily provide funds to enable the vendee to redeem unless the vendee obtains title from the vendor at the same time the purchaser or lender provides the funds. That is not a construction of the statute that should appeal to the judgment of the Court.
I speak of the judgment of the Court rather than the conscience of the Court. Conscience might have something to do with relieving from fraud. The Court might regard Flynn as unworthy because of his dilatory, or possibly some other, conduct that it perceives to be unappealing.
But when it comes to exercising the Court's judgment concerning a correct construction of the statute, those considerations are a red herring. They obscure correct analysis.

IV
The fraud/equitable relief discourse was a straw man and a red herring. It diverted the Court from correct analysis of the only issue, namely whether the vendee under a land contract who has timely (the eleventh hour is timely) offered to pay in full the amount in default, who can show that he has the money on deposit and the ability to do so upon receipt of a conveyance from the vendor of title to the property,[2] shall be deemed to have paid the amount needed to be paid to redeem within the meaning of the statute.
The majority implicitlyimplicitly because the majority did not expressly analyze the questionanswered in the negative, stating in effect in its opinion that the vendee will not be deemed to have "paid" the amount needed to redeem unless he pays the full amount without insisting upon simultaneous receipt by the vendee (and any purchaser from, or lender to, the vendee) of a deed of conveyance. This is not a reasonable construction of the statute.
The majority's construction of the statute will encourage persons like Korneffel, who bought into this lawsuit after the judgment of forfeiture had been entered, during the ninety-day redemption period, to buy properties that are worth more than the amount needed to redeem, in the hope that the vendee will not be able to redeem. Most vendees in default are short of money and will need to sell the property or obtain financing in order to redeem.
Under the majority's construction, such a purchaser of the vendor's interest need not cooperate by providing a deed of conveyance in exchange for payment in full. This is not a sensible construction of the statute and will, again, encourage the sale of vendor interests to such rapacious purchasers.

V
Attached to motion papers is Korneffel's trial brief in a proceeding before a circuit judge seeking payment of back taxes, where Korneffel stated:
The reasonable rental amount due the Plaintiffs is based on a rate of return based on the market value of the property. The property has a current market value *165 of 1.8 million dollars and the rate of return is from 8 to 12%.
Based on a 9% return, rent from March 1, 1988 through September 1, 1995, which is 7 1/2 years, amounts to $1,010,250.00, and continues at $13,500 per month.
At 12% the rent amounts to $1,347,000.00 and continues at $8,000 per month.
Adopting Korneffel's stated valuation of $1,800,000, Flynn loses almost $1.5 million as a result of the forfeiture of his home. Additionally, Korneffel seeks over a million dollars in equitable rent, possibly as much as $1.5 million.
The amount that Flynn will actually be required to pay will be the source of additional litigation. The abysmal consequences of the majority's failure correctly to construe the statute will not go away.

VI
This Court should grant rehearing and invite briefs from the Real Property Section of the State Bar on the issue whether the correct construction of the statute is that a vendee shall be deemed to have paid the redemption amount within the meaning of the statute if, as here, the money is on deposit with a title company, which offers to pay the amount needed to redeem upon receipt from the vendor of a deed of conveyance, and discharges of any liens created by the vendor, simultaneously with payment to the vendor.

VII
There are a number of other arguments (some of which might justify remand) that have been advanced by counsel for plaintiff, but they are all secondary to the real issue whether simultaneous exchange of deed/discharges and money is the correct construction of what "paid" means in this context.
MICHAEL F. CAVANAGH, J., concurs in the statement of LEVIN, J.
NOTES
[1] 451 Mich. 186, 222, 547 N.W.2d 249 (1996).
[2] And, in this case, discharges of mortgages of record aggregating in face amount more than the amount needed to redeem.